UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-62645-Civ-SCOLA

MATTHEW IRVIN,

    Plaintiff,
vs.

ARMOR CORRECTIONAL HEALTH, INC.,
MAIN JAIL FACILITY, and STATE OF FLORIDA,

    Defendants.
_____/

## Order of Dismissal

Matthew Irvin, a serial filer here in the Southern District of Florida,[1] filed this lawsuit "under the Civil Rights Act, 42 U.S.C. § 1983." (Compl. 1, ECF No. 1.) Irvin's *Statement of Claim* consists of a long, rambling, stream-of-conscience diatribe. By way of example, a few brief excerpts:

> To begin with, April 1, 2012, I, Plaintiff Matthew Irvin were arrested by Deputy Norris McCool of [indecipherable], Broward Sheriffs Office. Whom well beyond booking methods, processed and transported me to Broward County Main Jail Bureau . . . . Generally a corrections institution monitored medically by the Armor Correctional Health, Inc. The subject joint-defendant whose actions, along the indicated location above, violated my eights amendments under U.S.C.A. Const. Amend. 8 :350 HK1532K, citing injury resulting beyond de minimus, wanton infliction of pain and forbidding the imposition of cruel and unusual punishment.
>
> . . . .
>
> 8-8-12 I submitted a medical request for prescribed anti-biotics, 9-20-12 medical examiners of defendant Armor Correctional Health, Inc. reviewed by cardiac and pulse rate (blood pressure) which were extreme critical as medical charts verifies.  1-20-13 after given physical my medical examiner of Defendant Armor Correctional Health, Inc. resulting in a 45 lbs massive weight loss, I, plaintiff Mathew Irvin submitted medical request inquiring to

---

[1] In 2013, Irvin filed at least ten cases; nearly all were dismissed for failure to state a claim. (*See* Magistrate's Report 2 n.3, ECF No. 19 in *Irvin v. Metro PCS Wireless, Inc.*, Case No. 13-Civ-61937-RNS.)

> even purchase (diabetic, [indecipherable] and) medical treatment but were denied.  Violating my eight amendment rights . . . .
>
> . . . .
>
> I, Plaintiff Matthew Irvin contacted the Broward Sheriffs Office Department of Detention Ombudsmen calls response, (Complaint No: 9905 as [indecipherable]) before punished as given a disciplinary report . . . .  Pursuant to contacting the Broward Sheriffs Ombudsmen live, after the denial of grievance access as according to part II Investigation at the Disciplinary Report.  Which again violated by civil rights, in reference the inmate handbook presented by Defendant Broward Sheriffs Offices . . . .

(Compl. 4-7, ECF No. 1.)

Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction."  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10 requires a plaintiff to state his or her claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  In addition to these rules, the form that Irivn used states that he should briefly describe the facts of his case, describe how each defendant is involved, and state each claim separately in numbered paragraphs using short and plain statements.

Irvin's complaint fails to comply with Rules 8(a)(1), 8(a)(2), and 10.  Even construed liberally, Irvin's Complaint fails to state a claim upon which relief may be granted.  Put simply, the Court cannot make any sense of Irvin's complaint.

For all of these reasons, it is **ordered** that Irvin's Complaint is **dismissed** without prejudice.  Irvin may file an amended complaint by **February 18, 2014**.  This matter will be **administratively closed** in the interim.  If Irvin files a viable amended complaint the case will be reopened and will proceed forward.

**Done and ordered**, in chambers at Miami, Florida, on January 29, 2014.

_____
**Robert N. Scola, Jr.**
**United States District Judge**